E-FILED
Monday, 02 November, 2026 03:31:01 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | |
| v. | Case No. 1:25-CR-10004-JEH-1 |
| BREYON R. GRAYSON, JR.,<br>Defendant. | |

## Order

Now before the Court is Defendant Breyon R. Grayson, Jr.'s Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (D. 39).[1] The Government opposes the Motion. For the reasons set forth *infra*, the Motion is denied.

## I

On March 18, 2025, Grayson was indicted on one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). On March 12, 2026, Grayson pleaded guilty to both counts without a written plea agreement.

On September 3, 2026, the Court sentenced Grayson to concurrent terms of 70 months' imprisonment on each count, followed by concurrent terms of ten years of supervised release. The Court directed Grayson to self-surrender on November 10, 2026, before 2:00 p.m., and continued his existing bond conditions. The

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

extended self-surrender date was intended to allow Grayson to file a motion for compassionate release before reporting to the Bureau of Prisons.

On October 2, 2026, before beginning his custodial sentence, Grayson filed the present Motion under 18 U.S.C. § 3582(c)(1)(A). He asks the Court to reduce his 70-month custodial sentence to home incarceration with residential sex-offense-specific treatment, home confinement, location monitoring, and supervised release, or alternatively to impose another reduced term.

**II**

Between October 2024 and March 13, 2025, Grayson used Kik Messenger to receive, distribute, and possess child sexual abuse material. Five Cybertip reports identified material associated with two Kik accounts that were accessed through internet addresses connected to Bradley University and Grayson's Peoria residence. The material depicted the sexual abuse of children, including infants and toddlers.

After executing a search warrant at Grayson's residence on March 13, 2025, agents seized two laptop computers and an Apple iPhone. Grayson admitted that he controlled both Kik accounts, used Kik to receive and transmit child sexual abuse material, uploaded the material intending to share it with others, had viewed such material for approximately three years, masturbated to it, and deleted it from his device. Forensic analysis of Grayson's iPhone revealed at least ten images and ten videos of child sexual abuse material, a Kik conversation concerning its distribution, and internet searches seeking child pornography.

The Presentence Investigation Report calculated a total offense level of 34, a criminal history category of I, and an advisory imprisonment range of 151 to 188 months. At sentencing, the Court declined to apply the increases for computer use and image quantity by way of variance, resulting in a varied range of 70 to 87 months. The Court emphasized that the images involved infants and toddlers

suffering painful abuse, that the victims were real people, and that viewing the material perpetuated their harm. The Court further found that a custodial sentence was warranted and imposed 70 months because a 60-month sentence would insufficiently account for the seriousness of the offense conduct and create unwarranted sentencing disparities.

Grayson argues that his youth, anxiety disorder, provisional neurodevelopmental disorder, slight physical presentation, openly gay identity, reliance on repression and avoidance, and resulting vulnerability create an exceptionally high risk of exploitation or abuse in prison. He relies on Dr. John Mundt's opinion that incarceration is more likely to traumatize him than rehabilitate him and that he is not a pedophile or likely to become a serial offender. Grayson also argues that residential sex-offense-specific treatment, home confinement, location monitoring, and intensive supervision would protect both Grayson and the public while providing appropriate treatment.

As to the threshold issue, Grayson contends that § 3582(c)(1)(A) turns on the imposition of a sentence rather than the commencement of incarceration. He further argues that exhaustion should be excused because he has not entered a Bureau of Prisons facility and therefore has no warden to whom he can submit a request.

The Government responds that Grayson is ineligible for compassionate release because he has not begun serving his sentence and has not exhausted his administrative remedies. The Government also argues that Grayson has not established an extraordinary and compelling reason for relief and that the § 3553(a) factors do not support a reduction. It maintains that Grayson's designation to FMC Rochester, a federal medical facility offering mental-health services, addresses the concerns raised about his treatment needs and vulnerability. The Government further contends that reducing the sentence would circumvent the

mandatory minimum applicable to Count One and would fail to reflect the seriousness of Grayson's conduct, promote respect for the law, provide adequate deterrence, or protect the public.

**III**

A court generally "may not modify a term of imprisonment once it has been imposed" unless modification is expressly authorized by statute or Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c), (c)(1)(B). Compassionate release under § 3582(c)(1)(A) is a narrow exception to that rule of finality. *Rutherford v. United States*, 146 S. Ct. 1320, 1326 (2026).

Section 3582(c)(1)(A) permits a court, after considering the applicable § 3553(a) factors, to reduce a term of imprisonment if extraordinary and compelling reasons warrant a reduction and the reduction is consistent with applicable policy statements issued by the Sentencing Commission. A defendant may file such a motion only after fully exhausting all administrative rights to appeal the Bureau of Prisons' failure to bring a motion on the defendant's behalf or after 30 days have elapsed from the warden's receipt of the defendant's request, whichever occurs first. 18 U.S.C. § 3582(c)(1)(A).

The exhaustion requirement is a mandatory claim-processing rule, although it is a waivable affirmative defense. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020). The defendant bears the burden of establishing extraordinary and compelling reasons warranting a reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The governing policy statement requires that extraordinary and compelling reasons warrant the reduction, that the defendant not present a danger to another person or the community, and that the reduction be consistent with the policy statement. U.S.S.G. § 1B1.13(a) (2025). Even when extraordinary and compelling

reasons exist, the Court must determine whether the applicable § 3553(a) factors support a reduction. 18 U.S.C. § 3582(c)(1)(A).

**IV**

The Seventh Circuit has never addressed whether a Defendant who has not yet begun serving a sentence may seek a reduced sentence via a compassionate release motion, but the Ninth Circuit has in *United States v. Fower*, 30 F.4th 823 (9th Cir. 2022). *Fower* concluded that the structure and terminology of § 3582(c)(1)(A) limit compassionate release to defendants who have begun serving their custodial sentences. Id. at 826–27. The statute authorizes a court to reduce a term of imprisonment by a period that does not exceed the unserved portion of the original term, and *Fower* reasoned that an unserved portion can be reduced only after the term of incarceration has commenced. *Id*. at 826. This Court agrees with the reasoning in *Fower.*

Additionally, section 3582(c)(1)(A) concerns the modification of a previously imposed term of imprisonment that the defendant is serving, not the avoidance of a custodial sentence before service begins. That conclusion is reinforced by the statutory procedure. A defendant may seek judicial relief only after submitting a request to "the warden of the defendant's facility" and either exhausting administrative review or waiting 30 days. 18 U.S.C. § 3582(c)(1)(A). A defendant who has not begun serving a sentence has no facility and no warden. Interpreting the statute to permit a pre-incarceration motion would effectively read the warden-presentation and exhaustion requirements out of the statute and allow any sentenced defendant to seek compassionate release before entering custody.

Such an interpretation would also permit compassionate release to become a means of circumventing mandatory minimum sentences established by Congress. Count One carries a mandatory minimum term of five years'

imprisonment. 18 U.S.C. § 2252A(b)(1). Allowing a defendant to invoke § 3582(c)(1)(A) before beginning that sentence would transform a narrow mechanism for reducing a term already being served into a means of avoiding the congressionally required custodial sentence altogether. The Court does not read the statute to authorize that result.

Grayson remains on bond and has not begun serving his 70-month term of imprisonment. He is therefore not eligible for compassionate release under § 3582(c)(1)(A) because he has not yet begun to serve his sentence and cannot, therefore, exhaust his administrative remedies as required by the statute. Because this threshold issue is dispositive, the Court need not decide the other issues raised by Grayson in his motion. Absent the ability to grant a motion for compassionate release, all the factors the Court weighed at sentencing remain as originally balanced and warrant Grayson self-surrendering to serve his sentence as ordered at sentencing.

**V**

For the reasons stated above, Defendant Breyon R. Grayson, Jr.'s Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D. 39) is denied, and the self-surrender date remains as previously set. Nothing in the Order precludes the Defendant seeking compassionate release once he has begun serving his sentence, once the exhaustion requirements can be met.

*It is so ordered.*

Entered on November 2, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE